# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of James Darrell Dotson, Respondent

Appellate Case No. 2019-001503

Opinion No. 27922
Submitted September 26, 2019 – Filed October 23, 2019

### DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Carey Taylor
Markel, Deputy Disciplinary Counsel, both of Columbia,
for the Office of Disciplinary Counsel.

James Darrell Dotson, of North Carolina, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
definite suspension of not more than one year.  Respondent requests his suspension
be applied retroactively to October 13, 2016, the date of his interim suspension.
*See In re Dotson*, 418 S.C. 253, 792 S.E.2d 1 (2016).  We accept the Agreement
and suspend Respondent from the practice of law in this state for one year,
retroactive to the date of his interim suspension.  The facts, as set forth in the
Agreement, are as follows.

## Facts

*Matter I*

Client J retained Respondent to represent him in a workers' compensation matter.
Respondent failed to completely and diligently pursue Client J's legal matter and

failed to adequately communicate with Client J for several months, including Client J's repeated requests for his client file.

During the time he represented Client J, Respondent suffered from a mental health condition that impaired his fitness to practice law. Respondent failed to seek adequate and appropriate treatment and failed to withdraw from the representation.

Initially, Respondent failed to respond to ODC's notice of investigation regarding Client J's complaint. Ultimately, Respondent appeared before ODC in response to a subpoena issued pursuant to Rule 19(c)(3), RLDE, Rule 413, SCACR. Following a Rule 19(c)(3) interview with ODC, Respondent entered into a deferred discipline agreement, which was accepted by the Commission on October 22, 2014. In the deferred discipline agreement, Respondent admitted violating the following Rules of Professional Conduct: 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), and 8.1 (knowingly failing to respond to a lawful demand for information from a disciplinary authority), Rule 407, SCACR. Respondent agreed to comply with certain terms and conditions set forth in the deferred discipline agreement. When Respondent failed to comply with the deferred discipline agreement, the Commission terminated the agreement on October 16, 2015.

*Matter II*

Client S paid Respondent $4,500 to represent him in his divorce proceeding. Respondent stopped communicating with Client S, and the divorce action was dismissed based on the 365-day rule. Respondent did not respond to Client S's phone calls.

Respondent initially failed to provide a written response to ODC's notice of investigation. Only after being compelled to appear and provide testimony pursuant to Rule 19, RLDE, did Respondent provide any response to Client S's complaint. Respondent stated he spoke with Client S, met with him "numerous times," prepared and filed the pleadings, and appeared on behalf of Client S at a temporary hearing; however, Respondent admitted he subsequently let the case lapse. Respondent explained he did not provide Client S with his client file because it was locked in a storage unit and Respondent could not afford to pay the past-due bill. Respondent maintained the files were subsequently destroyed by Hurricane Matthew.

*Matter III*

In April 2011, Client K retained Respondent to represent her in a personal injury claim arising from a car accident. Client K also alleged she retained Respondent to represent her in her divorce. Client K claimed she had not heard from Respondent since April 2016, and he was not returning her calls or text messages. Respondent took no meaningful action on Client K's behalf, leading to the dismissal of her personal injury case. Respondent also failed to respond to ODC's inquiries into this matter.

*Relevant disciplinary history*

Respondent's relevant disciplinary history includes: (1) a June 21, 1999 letter of caution citing Rule 1.15, RPC; (2) an August 18, 2006 letter of caution citing Rule 8.1, RPC; (3) a January 5, 2011 letter of caution citing Rule 8.1, RPC; and (4) the October 22, 2014 deferred discipline agreement discussed with regard to Matter I above citing Rules 1.1, 1.2, 1.3, 1.4, and 8.1, RPC.

## Law

Respondent admits that by his conduct he violated Rules 1.1 (competence); 1.3 (diligence); 1.4 (communication); 1.15(d) (safeguarding client property); 1.16(a) (declining or terminating representation); 3.2 (making reasonable efforts to expedite litigation consistent with the interest of the client); 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority); and 8.4(e) (engaging in conduct prejudicial to the administration of justice), RPC, Rule 407, SCACR.

Respondent also admits his conduct constitutes grounds for discipline pursuant to Rule 7(a)(1), RLDE, Rule 413, SCACR (violating the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state for one year. Accordingly, we accept the Agreement and suspend Respondent for a period of one year, retroactive to the date of his interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission, or enter into a reasonable

payment plan with the Commission, within thirty (30) days of the date of this opinion.  Respondent shall also continue to comply with the April 23, 2019 payment plan he entered into with the Commission to reimburse the Lawyers' Fund for Client Protection (the Lawyers' Fund) for the Receiver's costs and itemized expenses incurred during the receivership.  *See In re Dotson*, S.C. Sup. Ct. Order dated Sept. 7, 2017 (terminating the receivership, relieving the Receiver, and ordering Respondent to reimburse the Lawyers' Fund in the amount of $3,476.52 for payments the Lawyers' Fund made to the Receiver's Office).

Additionally, we remind Respondent that, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR (duties following suspension).


**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**